**Tywoo Keyondi McCAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–96–01005–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 30, 1998.

Rehearing Overruled March 18, 1999.

Stephen A. Doggett, Richmond, for appellants.

John F. Healey, Jr., Richmond, for appellees.

Before Justices YATES, EDELMAN, and O'NEILL.

## OPINION

RICHARD H. EDELMAN, Justice.

Tywoo Keyondi McCain appeals his conviction for aggravated robbery on the ground that the evidence is legally and factually insufficient to prove that he used or exhibited a deadly weapon. We affirm as modified in part and reverse and remand in part.

### Background

Appellant kicked in a door of the complainant's home, beat her, and stole her car and pager after she escaped. During the assault, appellant had a butcher's knife sticking partly out of his back pocket, but he did not remove it, reach for it, or make any mention of it. The aggravating element in his indictment alleged that appellant "use[d] and exhibit[ed] a deadly weapon, to wit: a knife, which in the manner of its use and intended use was capable of causing death or serious bodily injury." A jury convicted appellant of aggravated robbery and sentenced him to 10 years confinement. Appellant's two points of error argue that the evidence is legally and factually insufficient to prove that he used and exhibited a deadly weapon which in the manner of its use or intended use was capable of causing death or serious bodily injury.

### Standard of Review

When reviewing legal sufficiency, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Skinner v. State*, 956 S.W.2d 532, 536 (Tex.Crim.App.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998). In reviewing factual sufficiency, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).[1]

### Legal Sufficiency

The offense of robbery[2] is aggravated if, in committing it, the actor "uses or exhibits a deadly weapon." *See* TEX. PEN. CODE ANN. § 29.03(a)(2). The definition of a "deadly weapon" includes: (a) deadly weapons *per se*, *i.e.*, "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury," and (b) potentially

---

1. The sufficiency of evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge that accurately sets out the law for the offense authorized by the indictment and for which the defendant was tried. *See Malik v. State*, 953 S.W.2d 234, 239–40 (Tex. Crim.App.1997).

2. A person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control of property, he (1) intentionally, knowingly, or recklessly causes bodily injury to another, or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *See* TEX. PEN. CODE ANN. § 29.02(a) (Vernon 1994).

deadly weapons, *i.e.*, "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *See id.* § 1.07(a)(17).

■ Knives designed for uses other than as weapons, such as kitchen and utility knives, are not deadly weapons *per se* and thus do not constitute deadly weapons unless they are actually used or intended to be used to cause death or serious injury. *See Thomas v. State*, 821 S.W.2d 616, 620 (Tex.Crim. App.1991). Wounds need not actually be inflicted by a knife in order for it to qualify as a deadly weapon. *See Brown v. State*, 716 S.W.2d 939, 946 (Tex.Crim.App.1986). Instead, the relevant factors include the distance between the assailant and victim and words or other threatening actions by the assailant. *See id.* A knife is a deadly weapon and is exhibited, for example, if an assailant shows it to the victim in order to convey an implied threat. *See, e.g., Tisdale v. State*, 686 S.W.2d 110, 115 (Tex.Crim.App.1984). Thus, the manner in which a potentially deadly weapon is employed in an offense is central to determining both whether it is a deadly weapon and, if so, whether it has been used or exhibited in committing the offense.

■ In the present case, the evidence reflects that appellant kicked in the door of the complainant's kitchen and began hitting her with his fist. After twice breaking loose, being caught, and being beaten further, the complainant escaped. When she returned to her house with police, she discovered her car and pager missing. When appellant was arrested shortly thereafter, a butcher's knife with a nine-inch blade was found on his person.

At trial, the complainant testified that, during the attack, she saw a long, dark object partly sticking out of appellant's pocket. She thought this object was a knife [3] and was worried during the assault that appellant would cut her with it. However, she never saw appellant with the knife in his hands or even make a move for it. In addition, there was no evidence that the appellant touched,

brandished, referred to, or overtly displayed the knife in any way other than having it partly sticking out of his pocket. Nor did appellant make any demand on the complainant that the visibility of a knife might arguably have been impliedly intended to coerce.

■ The butcher's knife in appellant's pocket was not a deadly weapon *per se* because it was not a type designed to be used as a weapon. However, the fact that it was in appellant's pocket during the violent assault could support an inference that appellant's purpose in having it there at that time, and thus its *intended* use, was for causing death or serious injury. Similarly, in light of the highly violent manner in which appellant entered the complainant's house and began beating her, the fact that she could see that he had brought such a knife was sufficient to reasonably place her in fear that he planned to use it on her. At a minimum, the visibility of the knife conveyed to the complainant a greater threat to her safety than would have existed if no knife was visible to her. However, we have found no Texas Court of Criminal Appeals opinion in which the carrying of a potentially deadly weapon in this manner, without at least some form of threatening conduct relating to it, was found sufficient to show either the existence or use of a deadly weapon.

Analogously, the use or exhibiting of a deadly weapon is also relevant to determining the eligibility of a defendant to be placed on community supervision. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.1998) (a defendant is not eligible to be placed on community supervision where it is shown that a deadly weapon, also as defined in section 1.07 of the Penal Code, "was used or exhibited during the commission of a felony offense or during immediate flight therefrom . . . .") (the "community supervision provision"). For purposes of this provision, the existence and use of a deadly weapon includes not only the wielding of a potential weapon with effect but also extends to "any employment of a deadly weapon,

---

**3.** Although there was conflicting evidence whether appellant had been able to identify what the object in appellant's pocket was on the day of the attack, we may consider only evidence support-

ing the verdict in a legal sufficiency review. *See Jackson*, 443 U.S. at 318–19, 99 S.Ct. 2781; *Skinner*, 956 S.W.2d at 536.

even its simple possession, if such possession facilitates the associated felony." *See Hill v. State,* 913 S.W.2d 581, 583 (Tex.Crim.App. 1996).[4]

Although we perceive no difference in the policy underlying aggravated offense statutes and the community supervision provision, we have found no Texas case in which the broader community supervision rationale was applied to review the sufficiency of evidence to prove the aggravating element of an aggravated offense. In *Bailey,* the United States Supreme Court addressed the meaning of "use" of a firearm in the context of a federal statute requiring the imposition of certain penalties if, during a violent or drug trafficking crime, a defendant "uses or carries a firearm." *See Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 505, 133 L.Ed.2d 472 (1995). The Court held that "use" requires active employment of the firearm and that proximity and accessibility alone were not sufficient. *See Hohn v. United States,* 524 U.S. 236, 118 S.Ct. 1969, 1971, 141 L.Ed.2d 242 (1998); *Bailey,* 516 U.S. 137, 116 S.Ct. at 508–09. Thus, it stated that "use" connotes more than mere possession, even if the actor deliberately placed the weapon at or near the site of a crime for use in a confrontation to intimidate, attack, or defend. *See Bailey,* 516 U.S. 137, 116 S.Ct. at 508–09. A contrary interpretation, reasoned the Court, would render the word "carries" in the statute meaningless, and, had that interpretation been intended, a term such as "possession" or "intended use" would have been included. *See id.,* 516 U.S. 137, 116 S.Ct. at 506–09. Therefore, the Court held that "use" requires a firearm to be employed in a way that makes it an operative factor in the offense,

such as by brandishing, displaying, striking with, firing, or attempting to fire the firearm. *See id.,* 516 U.S. 137, 116 S.Ct. at 505, 508. "Use" can also include a verbal reference to a firearm in the defendant's possession calculated to bring about a change in the circumstances of the offense or a silent but obvious and forceful presence of a gun on a table.[5] *See id.,* 516 U.S. 137, 116 S.Ct. at 508.[5]

Although we believe the type of use described in *Bailey* is sufficient to show both the existence and use of a deadly weapon for purposes of aggravated offense statutes, we have found no authority that any lesser use, such as mere possession or carrying of a potentially deadly weapon is adequate to do so. Moreover, despite the knife in this case being visible to the complainant and thereby sufficient to create a reasonable fear in her mind that it would be used on her, we find no authority that the mere visibility of a potentially deadly weapon during an offense is a sufficient use to support a finding that it is a deadly weapon or that it has been used or exhibited in the offense. Therefore, we sustain appellant's first point of error and need not reach the factual sufficiency challenge in his second point of error.

■ The jury in this case was instructed on the lesser-included offense of robbery, and, by finding appellant guilty of aggravated robbery, it necessarily thereby also found him guilty of ordinary robbery. Appellant does not challenge the sufficiency of the evidence to prove robbery. Therefore, we modify the trial court's judgment to reflect a conviction for robbery, affirm the conviction

---

4. In *Patterson,* for example, the appellant had been convicted of drug possession and, on appeal, challenged the jury's finding that he had used or exhibited a deadly weapon during the commission of the offense for purposes of the community supervision provision. *See Patterson v. State,* 769 S.W.2d 938, 939 (Tex.Crim.App. 1989). The police had raided an apartment in which appellant was seated on a sofa. *See id.* On an end table next to the appellant was a suede bag and "gun boot." *See id.* As an officer approached him, the appellant raised his hands and said, "I have a gun right here, but I'm not going to touch it," while indicating a location between his leg and the end of the sofa. *See id.* A search revealed that the suede bag contained

drugs and that the "gun boot" contained ammunition for the gun. *See id.* The Court of Criminal Appeals upheld the appeals court's conclusion that a rational trier of fact could have found that the appellant had "used" the firearm in committing the possession offense in the sense that the firearm protected and facilitated the appellant's care, custody, and management of the drugs. *See id.* at 942.

5. The conflict between *Bailey* and *Patterson* has been recognized by at least one member of the Texas Court of Criminal Appeals. *See Hill,* 913 S.W.2d at 593 n. 8 (Baird, J., concurring and dissenting).

as modified, reverse the imposition of punishment, and remand the case for a new trial on punishment. *See Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex.Crim.App.1993); *see also* TEX. R.APP. P. 43.2.

HARRIET O'NEILL, Justice, dissenting.

The evidence presented at trial showed that (1) appellant entered the complainant's home violently by kicking in the door and immediately attacking her without provocation, (2) the butcher's knife was sticking out of appellant's pocket and was readily identified by complainant, and (3) the complainant feared that appellant might use the knife in the attack. I believe that the evidence indicating the violent nature of the entry and assault, together with the fact that the knife was displayed in a manner that made the complainant aware of its presence and instilled fear that it might be used, is sufficient to support an inference that appellant intended to use the knife to aid in the attack if necessary. Accordingly, I respectfully dissent.